IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY GOSS,

        Petitioner,               No. CIV S-08-1844 GEB KJM P

    vs.

D.K. SISTO, Warden,

        Respondent.            <u>ORDER</u>

                               /

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus, challenging a denial of parole. On January 22, 2009, the court directed the Warden to file a response to the petition. Respondent has asked the court to stay this case until the issuance of the mandate after the resolution of the petition for rehearing in <u>Hayward v. Marshall</u>, 512 F.3d 356 (9th Cir. 2008), <u>rehearing en banc granted</u>, 527 F.3d 797 (9th Cir. 2008). Petitioner has opposed the motion.

        Respondent is correct that the Ninth Circuit's <u>en banc</u> decision could have a significant effect on the outcome of the petitioner's application. The "[s]pecial solicitude" that attends this case and many other habeas petitions already pending before the court would be thwarted, and the petitioners prejudiced, if the court were to hazard an incorrect guess about the

1

reasoning and decision of the <u>en banc</u> panel in <u>Hayward</u>, only to start another round of briefing once that decision was announced. <u>Yong v. I.N.S.</u>, 208 F.3d 1116, 1120 (9th Cir. 2000) (stating that in habeas cases "[s]pecial solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement'"). On the other hand, the court must be mindful not to impose an indefinite stay that runs the risk of lasting an oppressively long time. <u>See id</u>. at 1020 ("we have never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case").

Therefore the court will grant a stay until the Ninth Circuit issues its decision. However, the court will not grant the stay to the extent requested by the respondent.

Accordingly, IT IS HEREBY ORDERED that the request for a stay (docket no. 11) is granted in part and denied in part. This action is stayed until the date the Ninth Circuit's <u>en banc</u> decision in <u>Hayward v. Marshall</u> is announced. The respondent shall have sixty days from that date in which to file an answer to the petition.

DATED: June 19, 2009.

_____
U.S. MAGISTRATE JUDGE

goss1844.sty